TCC:st: 121401

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| VINCENT HUMPHREY, | |
| Plaintiff, | |
| vs. | No. 09 C 7457 |
| CITY of CHICAGO, Municipal Corporation and Body Politic, SGT. BRYON UDING #2162, OFFICER EDWARD DEDO #16763, OFFICER MICHAEL JOLLIFF-BLAKE #11158, OFFICER MARIA RAMIREZ #3446, OFFICER NEBERIEZA #11041 AND OFFICER NICHELLE FRACTION #16629, | Judge Holderman<br><br>Magistrate Judge Cox |
| Defendants. | JURY DEMANDED |

FIRST AMENDED COMPLAINT

The Plaintiff, Vincent Humphrey (hereinafter "Humphrey"), by and through his attorney, Thomas C. Crooks, complains of the defendants City of Chicago, Bryon Uding, Edward Dedo, Michael Jolliff-Blake, Maria Ramirez, Andrew Neberieza and Nichelle Fraction as follows:

1. This action seeks damages under federal law, pursuant to 42 U. S.C. § 1983, for acts in violation of Plaintiff's rights under the Fourteenth and Fourth Amendments to the United States Constitution. This action also seeks damages under Illinois law.

JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1331 and this Court's supplemental jurisdiction. Venue in this district is predicated on 28 U.S.C. Section 1391 (b).

PARTIES AND FACTS
COMMON TO ALL COUNTS

3. At all times material hereto, the plaintiff, Vincent Humphrey, is a resident of the City

of Chicago, County of Cook, State of Illinois, and entitled to be free from false arrest and malicious conduct by police officers.

4. The City of Chicago is a duly constituted municipal corporation and body politic, located in Cook County, Illinois.

5. Bryon Uding, Edward Dedo, Michael Jolliff-Blake, Maria Ramirez, Andrew Neberieza and Nichelle Fraction, at all relevant times hereto, were sworn law enforcement officers employed by the City of Chicago as police officers. At all times material hereto these officers were acting under color of state law and in their capacity as Chicago police officers. They are sued individually.

6. On or about October 21, 2009, at approximately 8:30 p.m. plaintiff was standing in front of his home conversing with an acquaintance.

7. At said time and place defendant Ramirez approached plaintiff without probable cause, or even reasonable suspicion, that plaintiff had, or was about to commit any crime. Ramirez accused plaintiff of being a gang member and began questioning plaintiff. In response to the questioning plaintiff identified himself as an off duty Chicago Police Officer. Ramirez then handcuffed plaintiff.

8. Defendants Dedo, Jolliff-Blake, Neberieza and Nichelle Fraction then approached the plaintiff. Plaintiff was searched and defendants found his police identification in his pocket. Defendants removed the handcuffs. One of the defendants telephoned Uding. Following the conversation with Uding, the defendant officers placed plaintiff under arrest, handcuffed him again and transported him to the 11th district police station.

9. At no time had plaintiff committed any criminal violation or engaged in any conduct

which could have been mistaken for a criminal violation. Defendants had no probable cause to place plaintiff under arrest.

## COUNT I- UNLAWFUL SEIZURE OF PLAINTIFF

1 - 9.   Plaintiff incorporates by reference ¶¶ 1 through 9 as if fully set forth here.

10.   Defendants violated plaintiff's Fourth and Fourteenth Amendment right, under the United States Constitution, to be free from unreasonable seizure of his person, when defendants detained and arrested plaintiff.

11.   As a direct and proximate result of defendants' violation of his Fourth and Fourteenth Amendment rights, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged.

12.   At all relevant times, defendants' actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

## COUNT II - FALSE IMPRISONMENT

1-9.   Plaintiff incorporates by reference ¶¶ 1 through 9 as if fully set forth here.

10.   Following his detention and arrest, plaintiff was held in custody for a period of time without probable cause.

11.   As a direct and proximate result of defendant's violation of his Fourth and Fourteenth Amendment rights, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged.

12. At all relevant times, defendant's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.

### COUNT III–FALSE ARREST–State Law Claim

1-9. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully set forth here.

10. As a direct and proximate result of defendants' arrest of plaintiff without probable cause, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged.

11. At all relevant times, defendant's actions were willful, wanton, intentional and malicious. Punitive damages should be awarded in order to punish and deter such conduct.

WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and costs.

### COUNT IV--CIVIL CONSPIRACY—State Law Claim

1-9. Plaintiff incorporates by reference paragraphs 1 through 9 as if fully set forth here.

10. The defendants in this case acted in concert. The defendants agreed to act together to engage in the actions described above in order to arrest plaintiff and inflict emotional distress upon him.

11. As a direct and proximate result of defendants' agreement to arrest plaintiff without probable cause, plaintiff endured pain, suffering, mental anguish, emotional distress, humiliation and embarrassment and was otherwise damaged.

12. At all relevant times, defendant's actions were willful, wanton, intentional and

malicious. Punitive damages should be awarded in order to punish and deter such conduct.

13. WHEREFORE, plaintiff prays for judgment in his favor and against defendants in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages and costs.

### COUNT V–745 ILCS 10/9-102–State Law Claim

1-9. Plaintiff incorporates by reference the allegations contained in Counts I through IV as if fully set forth here.

10. At all relevant times hereto there existed a certain Illinois statute, to wit, 745 ILCS 10/9-102, which stated in pertinent part:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

11. The defendant City of Chicago is required by Illinois law to pay any judgment entered against the defendant officers.

WHEREFORE, plaintiff prays for judgment in his favor and against defendant City of Chicago, in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus punitive damages, reasonable attorney's fees and costs.


s/Thomas C. Crooks
Thomas C. Crooks, Attorney for Plaintiff


### RULE 38 JURY DEMAND

Pursuant to Rule 38 the Plaintiffs demand trial by jury for all claims triable by jury.

Thomas C. Crooks
Three First National Plaza
Suite 1950
Chicago, Illinois 60602
Telephone: 312-641-2260
Facsimile: 312-641-5220