# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7457 | **DATE** | 2/24/2011 |
| **CASE TITLE** | Vincent Humphrey vs. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT**

The court's rulings on the parties' objections [81 & 82] to the court's proposed Final Jury Instructions are set forth in the Statement section of this order. An updated version of the Final Jury Instructions is attached.

■[ For further details see text below.]                                                                                            Notices mailed.

## STATEMENT

The court has reviewed the parties' objections to the court's proposed Final Jury Instructions. First, regarding plaintiff Vincent Humphrey's ("Humphrey") objections (Dkt. No. 81), the court has addressed the issue raised in paragraph 1. Additionally, the court intends to provide the "unlawful seizure" instruction, thereby mooting Humphrey's objection in paragraph 2. Next, Humphrey's objection to the "seizure" instruction is overruled. In *United States v. Borys*, 766 F.2d 304, 308 (7th Cir. 1985), the Seventh Circuit distinguished between arrests and investigative detentions:

> Not all questioning of citizens implicates the Fourth Amendment. Consequently, the threshold question is whether a seizure has occurred. If a seizure of some sort has occurred, the inquiry becomes whether the detention amounted to a full-blown arrest, requiring probable cause, or whether it was only a limited investigative stop–a so-called *Terry* stop. . . . [T]he Fourth Amendment requires that reasonable suspicion support investigative stops.

*Id.* (internal citations omitted). Thus, the jury instruction defining "arrested" and "seized" differentiates between the probable cause required for an arrest and the reasonable suspicion required for an investigative detention.

Finally, Humphrey's objection to the "City of Chicago's Liability" instruction is overruled. Under 42 U.S.C. § 1983, the basis for Humphrey's federal, constitutional claims, the doctrine of respondeat superior is unavailable. *See Darchak v. City of Chi. Bd. of Edu.*, 580 F.3d 622, 629 (7th Cir. 2009). Instead, Humphrey would have needed to assert a *Monell* claim against City of Chicago, which he has not done in this case. The jury instruction describing the City of Chicago's liability, however, does not impact the City of Chicago's indemnification of a Defendant Officer if the jury finds that Defendant Officer liable on Humphrey's federal, constitutional claims.

Regarding the Defendants' objections (Dkt. No. 82), the court has altered the fifth paragraph of the compensatory damages instruction to read: "The pain and suffering and the mental anguish and emotional

| STATEMENT |
|---|
| distress that Plaintiff has experienced." This language tracks the allegations in Humphrey's First Amended Complaint. (*See* Dkt. No. 26 at 3-4.) Lastly, Defendants' objection to the nominal damages instruction is overruled. Because Humphrey may be able to prove that one or more Defendants violated his rights but nevertheless fail to prove compensatory damages, a nominal damages instruction is appropriate.<br><br>*/s/ James F. Holderman* |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| VINCENT HUMPHREY,<br><br>                      Plaintiff,<br><br>vs.<br><br>cCITY of CHICAGO, SGT. BRYON UDING #2162, OFFICER EDWARD DEDO #16763, OFFICER MICHAEL JOLLIFF-BLAKE #11158, OFFICER MARIA RAMIREZ #3446, OFFICER ANDREW NEBERIEZA #11041 AND OFFICER NICHELLE FRACTION #16629,<br><br>                      Defendants. | No. 09 C 7457<br><br>Chief Judge James F. Holderman |

## [DRAFT] FINAL JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

During this trial, I have asked some witnesses a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

If I have taken judicial notice of certain facts, you must accept those facts as proved.

During the trial, certain testimony was presented to you by the reading of a deposition. You should give this testimony the same consideration you would give it had the witness appeared and testified here in court.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases direct evidence and circumstantial evidence. Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, I was outside a minute ago and I saw it raining. Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

It is proper for a lawyer to meet with any witness in preparation for trial.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider statements made before the trial by either a witness under oath or a party as evidence of the truth of what was said in the earlier statements, as well as in deciding what weight to give the testimony here in court of that witness or party.

With respect to other statements, if you decide that, before the trial, a witness made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether the witness's testimony here in court was true and what weight to give to the witness's testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Certain demonstrative exhibits have been shown to you. Those exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

You must give separate consideration to each of Plaintiff's claims and each individual Defendant in this case. Although there are six individual Defendants, it does not follow that if one Defendant is liable to Plaintiff, that all other individual Defendant police officers are liable.

In this case, Defendant City of Chicago is a municipal corporation, Defendants Maria Ramirez, Edward Dedo, Michael Jolliff-Blake, Andrew Neberieza, Nichelle Fraction, and Sgt. Bryon Uding are police officers, and Plaintiff Humphrey is also a police officer. All parties are equal before the law. A municipal corporation is entitled to the same fair consideration as an individual person, and an individual person is entitled to the same fair consideration as a municipal corporation.

When I say in these instructions that a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

This is a civil rights action brought by Plaintiff Detective Vincent Humphrey against the City of Chicago and Police Officers Maria Ramirez, Edward Dedo, Michael Jolliff-Blake, Andrew Neberieza, Nichelle Fraction, and Sgt. Bryon Uding.  Plaintiff brings four claims against the Defendants:  (1) unlawful seizure in violation of the Fourth Amendment to the United States Constitution; (2) false arrest and imprisonment in violation of the Fourth Amendment to the United States Constitution; (3) false arrest under Illinois law; and (4) civil conspiracy under Illinois law.

Defendants deny Plaintiff's allegations.

## UNLAWFUL SEIZURE UNDER THE FOURTH AMENDMENT

Plaintiff first claims Defendants Dedo, Ramirez, Fraction, Nebrezia, Jolliff-Blake, or Sgt. Uding unlawfully seized him in violation of the Fourth Amendment. To succeed on this claim against a Defendant, Plaintiff must prove each of the following things by a preponderance of the evidence against that Defendant:

1. The Defendant seized Plaintiff; and
2. The seizure of Plaintiff was unreasonable.

If you find that Plaintiff has proved these elements by a preponderance of the evidence against a Defendant, then you should find that Defendant liable on Plaintiff's Fourth Amendment Unlawful Seizure claim.

If, on the other hand, you find that Plaintiff has failed to prove these elements by a preponderance of the evidence against a Defendant, then you should find that Defendant not liable on Plaintiff's Fourth Amendment Unlawful Seizure claim.

You must decide whether the manner in which the Defendant conducted the seizure of Plaintiff was unreasonable from the perspective of a reasonable officer facing the same circumstances the Defendant faced, rather than with the 20/20 vision of hindsight. You must make this decision based on what the Defendant knew at the time of the seizure, not based on what you know now. In deciding whether the seizure of Plaintiff was unreasonable, you should not consider whether the Defendant's intentions were good or bad.

## FALSE ARREST UNDER THE FOURTH AMENDMENT

Also, Plaintiff claims Defendants Dedo, Ramirez, Fraction, Nebrezia, Jolliff-Blake, or Sgt. Uding falsely arrested and imprisonment him in violation of the Fourth Amendment to the United States Constitution. To succeed on this claim against a Defendant, Plaintiff must prove each of the following things by a preponderance of the evidence against that Defendant:

1. The Defendant arrested Plaintiff; and

2. Defendant who arrested Plaintiff did not have probable cause to do so.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a Defendant, then you should find that Defendant liable on Plaintiff's Fourth Amendment False Arrest claim.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against a Defendant, then you should find that Defendant not liable on Plaintiff's Fourth Amendment False Arrest claim.

# FALSE ARREST UNDER ILLINOIS LAW

Additionally, Plaintiff claims that Defendants Dedo, Ramirez, Fraction, Nebrezia, Jolliff-Blake, or Sgt. Uding falsely arrested him under Illinois law. To succeed on his claim of false arrest under Illinois law against a Defendant, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. The Defendant arrested Plaintiff; and

2. The Defendant who arrested Plaintiff did not have probable cause to do so.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence against a Defendant, then you should find that Defendant liable on Plaintiff's claim for False Arrest under Illinois law.

If, on the other hand, you find that Plaintiff has failed to prove any one of these things by a preponderance of the evidence against a Defendant, then you should find that Defendant not liable on Plaintiff's claim for False Arrest under Illinois law.

## CIVIL CONSPIRACY UNDER ILLINOIS LAW

Further, Plaintiff claims that Defendants Dedo, Ramirez, Fraction, Nebrezia, Jolliff-Blake, or Sgt. Uding entered into a civil conspiracy against him in violation of Illinois law. To succeed on his claim of civil conspiracy against a Defendant, Plaintiff must prove each of the following things by a preponderance of the evidence:

1. There was an agreement between any two or more of the individual Defendants to participate in either an unlawful act or a lawful act in an unlawful manner;

2. Any one or more of the individual Defendants committed an overt act pursuant to and in furtherance of the common scheme;

3. This overt act injured Plaintiff.

To be liable as a conspirator, a Defendant must be a willing participant in a common venture. This does not mean that he or she had to agree on the details of the venture or even know who the other conspirators or joint actors are. It is enough that the Defendant understands the general objective of the venture.

A Defendant's presence at the scene of a constitutional violation and knowledge that a constitutional violation is being committed is not alone sufficient to establish the Defendant's liability.

Because direct evidence of a conspiracy or joint action is often impossible to obtain, circumstantial evidence is an adequate manner of proving a conspiracy.

If you find that a Defendant is part of a conspiracy, that Defendant is liable for all injuries caused by the conspiracy, even if that Defendant's own personal actions did not proximately contribute to the injury.

If you find that Plaintiff has proved each of these things against a Defendant by a preponderance of the evidence, then you should find that Defendant liable under Illinois law on the Plaintiff's Civil Conspiracy claim.

If, on the other hand, you find that Plaintiff did not prove any one of these things by a preponderance of the evidence against a Defendant, then you should find that Defendant not liable under Illinois law on Plaintiff's Civil Conspiracy claim.

# DEFINITION OF "ARRESTED" AND "SEIZED"

When I use the term "arrested" I mean as follows:

A person has been arrested if, through the use of physical force or the show of authority, his freedom of movement is restrained. A person has been arrested if, in light of all of the facts and circumstances of the particular case, a reasonable person would have believed that at the time in question the person arrested was not free to leave.

The arresting officer must have probable cause for an arrest to be lawful; it must be probable cause that the person arrested had committed a crime.

When I use the term "seized" I mean as follows:

A person is seized by an officer when the person is detained by an officer investigating a crime who does not at that time have a reasonable suspicion that the stopped individual has committed or is about to commit a crime.

For a detention to be lawful, the detaining officer must have a reasonable suspicion that the stopped individual has committed or is about to commit a crime. The detention by the officer must be temporary and last no longer than is necessary to effectuate the purpose of the stop.

## DEFINITION OF "PROBABLE CAUSE"

Let me explain what "probable cause" means. There is probable cause for an arrest if at the moment the arrest was made, a prudent person in the Defendant's position would have believed that Plaintiff had committed a crime. In making this decision, you should consider what the Defendant knew and what reasonably trustworthy information the Defendant had received.

It is not necessary that the Defendant had probable cause to arrest Plaintiff for the specific criminal offense of impersonating a police officer, so long as the Defendant had probable cause to arrest Plaintiff for some criminal offense.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that the Defendant's belief was probably right. Probable cause is based only on what the Defendant knew at the time he or she sought to arrest Plaintiff, not on how things turned out in hindsight.

## DEFINITION OF "REASONABLE SUSPICION"

Let me explain what "reasonable suspicion" means. Reasonable suspicion is a lower threshold than probable cause and requires that the officer reasonably suspected criminal conduct based on the actual facts and circumstances perceived by the officer at the time of stop. The officer's subjective motivations for stopping and detaining a suspect are not relevant to determining whether the stop was reasonable.

## DEFENDANT OFFICERS' PERSONAL INVOLVEMENT

Plaintiff must prove by a preponderance of the evidence that a Defendant Officer was personally involved in the conduct Plaintiff complains about for that Defendant Officer to be liable.

## CITY OF CHICAGO'S LIABILITY

Defendant City of Chicago is sued as the principal and the Defendant Officers are its agents. If you find that any Defendant Officer is liable to Plaintiff on Plaintiff's claims for false arrest under Illinois law or civil conspiracy under Illinois law, the City of Chicago will also be liable. However, if you find that all Defendant Officers are not liable on Plaintiff's claims for false arrest under Illinois law and civil conspiracy under Illinois law, then the City of Chicago will not be liable.

The Defendant Officers are being sued as individuals in relation to Plaintiff's Fourth Amendment unlawful seizure and false arrest claims. The City of Chicago is not a party to and cannot be liable for Plaintiff's claims for unlawful seizure and false arrest under the Fourth Amendment.

## DAMAGES—COMPENSATORY

If you find that all the Defendants are not liable on all of Plaintiff's claims, then do not consider the question of damages.

If you find that Plaintiff has proven one or more of the Defendants liable on any of the Plaintiff's claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained as a direct result of the conduct on which you found the Defendant or Defendants liable. These damages are called compensatory damages.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider whether Plaintiff has proven any of the following types of compensatory damages, and no others:

The pain and suffering and the mental anguish and emotional distress that Plaintiff has experienced. No evidence of the dollar value of physical or mental/emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injury he has sustained.

If you find in favor of Plaintiff but find that Plaintiff has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of one dollar.

## DAMAGES—PUNITIVE

If you find that a Defendant is liable on one or more of Plaintiff's claims, you may, but are not required to, assess punitive damages against that Defendant. The purposes of punitive damages are to punish a Defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against a Defendant. You may assess punitive damages only if you find that a Defendant's conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, it reflects complete indifference to Plaintiff's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

A verdict form has been prepared for you.

I will read it to you.

The official verdict form will be brought to you in the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the form, and all of you will sign it, reflecting your agreement with the verdict you as the jury have reached.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.